IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN McLENDON, | * | |
| Petitioner | * | |
| v | * | Civil Action No. SAG-20-2631 |
| ACTING DIRECTOR, PRINCE GEORGE'S COUNTY DETENTION CENTER, | * | |
| | * | |
| Respondent | | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Petitioner Juan McLendon seeks release on bail in this petition for federal habeas relief filed pursuant to 28 U.S.C.§ 2241. ECF No. 1. McLendon is currently housed at the Prince George's County Detention Center. He filed this petition pro se on September 8, 2020, asserting that he had not been arraigned or provided a bail review hearing. Petitioner's financial information demonstrates he is indigent, and his Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2) will be granted.

In 2017, McLendon was convicted by a jury of first degree and second degree assault, illegal possession of a regulated firearm, use of a firearm in a crime of violence, and wearing or carrying and transporting a handgun in a vehicle on a public road. He was sentenced to a total of 45 years imprisonment, with all but 18 years suspended. *State v. McLendon*, Case No. CT-15-1183X (Cir. Ct. Prince George's Cty.). ECF No. 1 at 10-11. The Court of Special Appeals of Maryland reversed McLendon's conviction and remanded the case for a new trial. *McLendon v. State*, No. 1520 Sept. Term, 2017, 2019 WL 7212330 (December 27, 2019). On March 20, 2020, the Honorable Sean D. Wallace, Associate Judge of the Circuit Court for Prince George's County, ordered McLendon held without bond pending a new trial. *See* Maryland Judicial Case Search

website   http://casesearch.courts.state.md.us/casesearch (last visited September 17, 2020). On September 11, 2020, the Circuit Court for Prince George's County conducted a hearing on McLendon's motion for pretrial release, denied the motion, and set trial to begin on May 3, 2021. *Id.*

Pretrial federal habeas relief is available under § 2241 if a petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987) *see also Francis v. Henderson*, 425 U.S. 536, 538 (1976). While the phrase "special circumstances" lacks specific definition, courts look to whether procedures exist that would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. De Young*, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. McLendon's Petition alleges no special circumstances.

Further, before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer,* 481 U.S. 129, 134-35 (1987).

The Maryland Judiciary Case Search website indicates that McLendon is represented by counsel and a hearing was held on McLendon's request for pretrial release. McLendon does not assert he has appealed this decision, filed a state petition for habeas corpus, or pursued other action to exhaust his clams in the State courts.

In the absence of extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders*, 304 Fed.Appx. 814, 816 (11th Cir. 2008) (per curiam). In the pre-trial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-90 (1973).

McLendon does not allege special circumstances or demonstrate that he has exhausted his claim before the Maryland courts. The Court will dismiss the Petition without prejudice. A separate Order follows.

September 18, 2020                     _____/s/_____
Date                                   Stephanie A. Gallagher
                                       United States District Judge